IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WINFRED FIELDS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 2:25-cv-02676-SHL-atc |
| | ) |
| WARDEN HARRISON, | ) |
| | ) |
| Respondent. | ) |

**ORDER DIRECTING CLERK TO MODIFY DOCKET, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING § 2241 PETITION WITHOUT PREJUDICE, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition") of Petitioner Winfred Fields.[1] (ECF No. 2.) Respondent Warden Harrison has filed a Motion to Dismiss. (ECF No. 11.) Fields did not file a response to the Motion to Dismiss, and the time for doing so has expired. (*See* ECF No. 8.)

For the reasons that follow, Harrison's Motion to Dismiss (ECF No. 11) is **GRANTED**, and the § 2241 Petition is **DISMISSED**.

I.   **BACKGROUND**

---

[1] At the time Fields filed his § 2241 Petition, he was an inmate at the Satellite Prison Camp in Millington, Tennessee ("SPC Millington"). (ECF No. 2 at PageID 2.) He is currently housed at the United States Penitentiary McCreary in Pine Knot, Kentucky. *See* bop.gov/inmateloc/ (click "Find By Number"; type 81687-479; then click "Search") (last accessed Feb. 26, 2026). Fields is scheduled for release on December 30, 2027. *Id.* The Court **DIRECTS** the Clerk to modify the docket to note his current address.

Following a twelve-day jury trial in the United States District Court for the Southern District of Texas, Fields was convicted of: (1) one count of conspiracy to commit mail fraud/wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 1349; (2) one count of mail fraud, in violation of 18 U.S.C. § 1341; and (3) thirteen counts of aiding and assisting in the preparation and presentation of false tax returns, in violation of 26 U.S.C. § 7206(2). *See United States v. Fields*, No. 4:18-cr-316 (S.D. Tex. July 9, 2019, ECF No. 44); *see id.* (S.D. Tex. Feb. 13, 2020, ECF No. 116). The court sentenced Fields to 108 months of incarceration, followed by a three-year term of supervised release. *See id.* (ECF No. 214). The United States Court of Appeals for the Fifth Circuit affirmed the convictions and sentences on January 12, 2022. *See id.* (ECF No. 259).

On September 18, 2023, Fields filed a § 2255 Motion in the United States District Court for the Southern District of Texas, raising numerous claims of ineffective assistance of counsel and a claim that the indictment was constructively amended. *See id.* (ECF No. 268). Fields also filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) on November 1, 2023. *See id.* (ECF No. 272). On March 5, 2024, the Government filed a Response to Fields's § 2255 Motion. *See id.* (ECF No. 279). The sentencing-court denied the motion to reduce his sentence on December 26, 2024. *See id.* (ECF No. 283). The district court's docket does not reflect that Fields's § 2255 Motion has been ruled upon.

**II.    THE PETITION**

Fields filed the instant § 2241 petition on June 30, 2025. (ECF No. 2.) He contends that he is "statutorily eligible for community-based pre-release custody under the First Step Act (FSA) and the Second Chance Act (SCA)." (*Id.* at PageID 2.) According to Fields, Harrison approved the referral for Fields to be placed in community-based custody on April 18, 2025.

2

(*Id.*)  Fields contends that, despite that approval, he "has not received a placement date and remains incarcerated." (*Id.*)  He asserts that he "has been eligible for community placement for over seven (7) months, and this continued delay directly contradicts [Bureau of Prisons] (BOP) policy mandating timely referrals and release." (*Id.* at PageID 3.)  Fields requests that the Court "[w]aive the exhaustion requirement due to futility and irreparable harm" and order his immediate transfer "to community-based custody (home confinement or RRC)."  (*Id.*)

On July 10, 2025, Fields filed a supplement to his § 2241 Petition, asserting that, since the filing of his § 2241 Petition, the Residential Reentry Manager (the "RRM") approved him for a placement date of August 27, 2026.  (ECF No. 6 at PageID 12.)  Fields contends that this placement date rejects his Unit Team's recommendation, "which proposed a placement date of August 27, 2025, a date that incorporated 12 months of [SCA] prerelease placement."  (*Id.*)

On July 28, 2025, Respondent filed a Motion to Dismiss the § 2241 Petition under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 56.1.  (ECF No. 11 at PageID 24–26.)  Respondent's motion is supported by a Declaration of Robin Eads, a BOP paralegal with access to official records for BOP inmates, including Fields's Administrative Remedy History, which is also attached to the motion.  (ECF No. 11-1.)

Harrison argues that this Court should dismiss the § 2241 Petition based on Fields's failure to exhaust his administrative remedies with the BOP.  (ECF No. 11 at PageID 23, 26–29.)  Harrison further argues that the § 2241 Petition should be denied on the merits because BOP decisions regarding placement in pre-release custody are not subject to judicial review and because the BOP has correctly applied Fields's Earned Time Credits ("ETCs") under the FSA to his sentence.  (*Id.*)

III.    **ANALYSIS**

This matter turns on the exhaustion issue. Although § 2241 does not contain an express statutory exhaustion requirement, federal inmates must generally exhaust all administrative remedies available before filing a § 2241 petition. *See Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981) ("It is well established that federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted."). The BOP has established a three-tiered Administrative Remedy Program by which an inmate may progressively redress grievances at the institutional, Regional, and Central Office (national) levels.[2] *See* 28 C.F.R. § 542.10 *et seq.* "Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit." *Cooper v. Batts*, No. 21-5828, 2022 WL 4009862, at *2 (6th Cir. Aug. 25, 2022) (internal quotation marks and citation omitted).

A prisoner's failure to exhaust administrative remedies "may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks." *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006). Nonetheless, "[t]he Sixth Circuit requires some affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." *Napier v. Laurel Cnty.*, 636 F.3d 218, 223 (6th Cir. 2011) (internal quotation marks and citations omitted). A prisoner cannot "simply

---

[2] Under the BOP's tiered process, an inmate must first attempt to resolve his matter of concern informally with prison staff. 28 C.F.R. § 542.13(a). If informal resolution is not possible, the inmate may file a formal written Administrative Remedy Request with the facility's warden within twenty days of the incident forming the basis of the request. 28 C.F.R. § 542.14(a). If the inmate is dissatisfied with the warden's response, he may appeal to the regional director within twenty days of the date the warden signed the response. 28 C.F.R. § 542.15(a). If the prisoner is not satisfied with the regional director's response, he may submit an appeal to the BOP's general counsel within thirty days of the regional director's signed response. *Id.* This appeal is the final level of administrative review. *Id.*

fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

Fields does not argue that he complied with the BOP's Administrative Remedy Program. (*See* ECF No. 2 at PageID 3.)  His administrative remedy history shows that he has filed a total of three administrative remedy requests or appeals. (ECF No. 11-1 at PageID 38, 46–48.)  Two of those remedies addressed disallowed program days, and the other addressed inmate financial responsibility. (*Id.*)  According to Eads's Declaration, Fields has not filed any administrative remedies on the issue of RRC or home confinement placement. (*Id.*)

Fields argues that exhaustion should be waived because his "liberty is at stake and further delay would cause continued unlawful incarceration." (ECF No. 2 at PageID 3.)  He contends that his case manager "has already contacted the RRM, who confirmed that the delay is solely due to internal backlog." (*Id.*)  According to Fields, exhaustion would be futile because "[t]here is no indication that further administrative steps . . . would provide any additional action." (*Id.*) This Court, however, has previously rejected the argument that the BOP's Administrative Remedy process is futile solely because the inmate expected to be released on a date that has already passed or that is soon to pass. *See Hunter v. Bowers*, No. 2:23-cv-02188-JPM-tmp, 2023 WL 8530584, at *3 (W.D. Tenn. Dec. 8, 2023) (citing *DeLeo v. Paul*, No. CV 5:23-241-KKC, 2023 WL 5945868, at *2 (E.D. Ky. Aug. 22, 2023)).

Accordingly, because Fields has failed to exhaust his administrative remedies, the § 2241 Petition is **DISMISSED WITHOUT PREJUDICE**.[3]

---

[3] Because the Court has determined that dismissal is appropriate based upon Fields's failure to exhaust his administrative remedies, the Court need not address Harrison's alternatives

### IV. APPELLATE ISSUES

Federal prisoners who file petitions under § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). But Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

For the reasons explained in the section above, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Fields leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**, this 2nd day of March, 2026.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE

---

arguments that the § 2241 Petition should be denied on the merits. (*See* ECF No. 11 at PageID 29–35.)